UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cheryl Lamkins and Morton A. Segall, | |
| Plaintiffs, | Case No. 14 C 8118 |
| v. | |
| The Dress Barn, Inc., *et al.*, | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This is a class action brought by Plaintiffs Cheryl Lamkins and Morton Segall against Defendants for failure to pay certain medical expenses under a health insurance policy. Defendants are the employer of Ms. Lamkins, The Dress Barn, Inc. ("dressbarn"); its parent company, Ascena Retail Group, Inc.; and the insurers who apparently administered the health insurance plan.

Defendants move to dismiss [11] Plaintiffs' state law and class action claims, principally arguing that the claims are preempted by the Employee Retirement Income Security Act ("ERISA"). Plaintiffs, in turn, move to remand [23] this case to state court. For the following reasons, Defendants' motion to dismiss [11] is granted, and Plaintiffs' motion to remand [23] is denied.

I. **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), this Court must construe the Complaint [1-1] in the light most favorable to Plaintiffs, accept as true all well-pleaded facts and draw reasonable inferences in their favor. *Yeftich v. Navistar,*

*Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). It is proper for this Court to take judicial notice of matters of public record. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080181 (7th Cir. 1997).

To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Facts[1]

Plaintiffs procured insurance from Defendants sometime on or before January 1, 2013. Complaint, Count I ¶ 1. The insurance policy was not attached to the Complaint, but Plaintiffs do not dispute that Defendants attached the correct policy to their motion to dismiss. That policy is titled: "Benefit Booklet for Administrative Committee of the Ascena Retail Group, Inc. Benefits Plan PPO"

---

[1] The facts are taken from (1) the Complaint [1-1]; (2) documents that are central to the Complaint and referred to in it, namely, the Benefits Plan [12-1]; and (3) documents that are proper subject of judicial notice, such the Ascena Retail Group Form 10-K [12-7], a public document.

("Benefits Plan"). Ascena Retail Group, which issued the Benefits Plan, is dressbarn's parent company. Ascena Retail Group Form 10-K at 3. Ascena Retail Group and dressbarn are two of the Defendants in this action. Ms. Lamkins was employed by dressbarn. Complaint, Count I ¶ 3. Mr. Segall (whose relationship to Ms. Lamkins is not specified in the Complaint) was not employed by dressbarn or the other Defendants, yet nonetheless was a beneficiary under the Benefits Plan. Complaint, Count I ¶ 3, Count III ¶ 16

From the time they acquired the Benefits Plan, Plaintiffs paid approximately $144.29 bi-monthly as a premium. Complaint, Count I ¶ 1. At an unspecified time, Plaintiffs incurred "medical, hospital and ancillary expenses." Complaint, Count I ¶ 4. Plaintiffs do not describe these expenses in the Complaint. Also at an unspecified time, Plaintiffs made a claim under the Benefits Plan for payment of these expenses. Complaint, Count I ¶ 6. However, Defendants denied the claim at a date left unknown. Complaint, Count I ¶ 7.

This purported class action arises from Defendants denying Plaintiffs' claim. Plaintiffs bring the action on behalf of themselves and a similarly situated class of persons who acquired the Benefits Plan. Complaint, Count II. Plaintiffs allege that in denying their claim, Defendants breached the Benefits Plan (Count I) and misrepresented the coverage under the Benefits Plan, giving rise to claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count III) and common law fraud (Count IV).

Plaintiffs' last count (Count V) is for discovery under 735 ILCS 5/2-402. Section 2-402 is a feature of Illinois civil procedure that allows plaintiffs to designate in their pleadings non-defendants who may have relevant information for discovery. Count V does not bear on the substance of Plaintiffs' claims and does not bear on this Court's decision.

## III. Analysis

Defendants move to dismiss the Complaint. Defendants principally argue that Plaintiffs' state law claims are preempted by ERISA, but also argue that Plaintiffs, who are proceeding *pro se*, cannot maintain a class action and that their fraud claims do not meet Rule 9(b)'s heightened pleading standards. This Court addresses these arguments in turn, as well as Plaintiffs' argument that this case should be remanded to state court, where it was originally filed.

### A. Preemption of State Law Claims (Counts I, III and IV)

ERISA preempts Plaintiffs' state law claims. In reaching this conclusion, this Court first finds that the Benefits Plan is an "employee benefit plan" governed by ERISA (Section 1); then finds that the state law claims here "relate to" the Benefits Plan under ERISA (Section 2); and last finds that no exception is warranted under ERISA's savings clause (Section 3).

#### 1. The Benefits Plan Is Governed by ERISA

ERISA "supersede[s] any and all State laws insofar as they may … relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a). The Benefits

Plan here is an "employee welfare benefit plan" governed by ERISA. That term is defined to include employer-sponsored health care plans:

> any plan, fund, or program … established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment[.]

29 U.S.C. § 1002(1).

Here, in the Complaint, Plaintiffs reference "a policy of insurance … to cover them for their medical, hospital and ancillary healthcare expenses." Complaint, Count I ¶ 1; *see also id.* at Count II ¶ 2, Count III ¶ 1. Plaintiffs do not dispute that the referenced "policy of insurance" is the Benefits Plan that Defendants attached to their motion to dismiss. Plaintiffs instead assert, without explanation, that their claims "are not under any 'employer [welfare] benefit plan.'" [23] at 2; *see also* Segall Affidavit [23] ¶ 2.

The Benefits Plan clearly is an "employee welfare benefit plan." The Plan (1) provides medical benefits; (2) is employer-sponsored; and, in fact, (3) includes a section about the rights afforded to participants under ERISA. Benefits Plan [12-1] at 2, 66. That section is titled: "General Information About ERISA." *Id.* at 66. It also is not disputed that dressbarn, which employed Ms. Lamkins, *see* Complaint, Count I ¶ 3, issued the Benefits Plan; and that Mr. Segall's rights in this action derive from that Benefits Plan. Courts have applied ERISA to these circumstances: where a beneficiary seeks medical benefits under an employer-sponsored health

5

insurance plan. *E.g.*, *McDonald v. Household International, Inc.*, 425 F.3d 424, 425-26 (7th Cir. 2005).

If there is a reason why the Benefits Plan is not an "employee welfare benefit plan" (and this Court sees none), Plaintiffs have failed to raise it. Any such arguments are now waived. *See Mitsui Sumitomo Insurance Co., Ltd. v. Moore Transportation, Inc.*, 500 F. Supp. 2d 942, 950-51 (N.D. Ill. 2007).

### 2. Plaintiffs' State Law Claims "Relate to" the Benefits Plan

Having determined that the Benefits Plan is governed by ERISA, this Court next must determine whether ERISA preempts the three state law claims here: breach of contract, which also includes a claim for damages under 215 ILCS 5/155 (Count I); violation of the ICFA (Count III); and common law fraud (Count IV).

ERISA preempts state law claims that "relate to" any employee benefit plan. ERISA § 514(a), 29 U.S.C. § 1144(a). The Seventh Circuit has given ERISA broad preemptive effect. *Klassy v. Physicians Plus Insurance Co.*, 371 F.3d 952, 957 (7th Cir. 2004). In analyzing ERISA § 514(a), 29 U.S.C. § 1144(a), the Supreme Court has adopted a two-part test for determining when ERISA preempts a state law claim. There is preemption when: (1) Plaintiff, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (2) no other independent legal duty is implicated by Defendants' actions. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health & Welfare Trust Fund*, 538 F.3d 594, 597 & n.1 (7th Cir. 2008). This Court is not beholden to the labels Plaintiffs place on their

claims when determining if they could have been brought under ERISA. *Klassy*, 371 F.3d at 954-55, 957.

The *Davila* test is met here. Indeed, Defendant fails to address the application of the test altogether. *See* [23] at 1-3.

Regarding the first part of the *Davila* test, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), allows plan beneficiaries to bring an action, like this one, (1) to recover benefits due under the terms of the plan, (2) to enforce rights under the terms of the plan and (3) to clarify rights to future benefits under the terms of the plan. The analytical framework for determining when a state law claim could have been brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is simple: Does the claim require this Court to interpret or apply the terms of the employee welfare benefit plan? *Bowles v. Quantum Chemical Co.*, 266 F.3d 622, 631 (7th Cir. 2001); *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995).[2]

Courts in this District have found—repeatedly—that the exact state law claims brought here require an interpretation or application of the terms of an employee welfare benefit plan and thus are preempted by ERISA. *E.g.*, *Surgical Center, Inc. v. Cigna Healthcare of Illinois*, No. 13-7227, 2014 WL 4914299, at *3 (N.D. Ill. Sept. 30, 2014) (Section 155); *Maatman*, 2010 WL 415384, at *4-5 (fraud);

---

[2] Numerous Courts in this District also have adopted this approach. *E.g.*, *Maatman v. Lumbermens Mutual Casualty Co.*, No. 09-5929, 2010 WL 415384, at *5 (N.D. Ill. Jan. 28, 2010); *Agranoff v. LensCrafters, Inc.*, No. 07-4933, 2007 WL 4557080, at *2 (N.D. Ill. Dec. 21, 2007); *Jacobson v. Humana Insurance Co.*, No. 05-1011, 2005 WL 1563154, at *3 (N.D. Ill. June 6, 2005); *Tawse v. DHL Airways*, No. 04-5514, 2005 WL 1563208, at *1 (N.D. Ill. June 8, 2005); *Trainor v. SBC Services, Inc.*, 04-779, 2004 WL 2958684, at *4 (N.D. Ill. Dec. 20, 2004); *Dobner v. Health Care Service Corp.*, No. 01-7968, 2002 WL 1348910, at *3-4 (N.D. Ill. June 19, 2002).

7

*Agranoff*, 2007 WL 4557080, at *2-3 (breach of contract and ICFA); *Jacobson*, 2005 WL 1563154, at *3 (breach of contract and Section 155); *Tawse*, 2005 WL 1563208, at *1 (Section 155); *Trainor*, 2004 WL 2958684, at *4-5 (breach of contract and fraud); *Dwyer v. Unum Life Insurance Co. of America*, No. 03-1118, 2003 WL 22844234, at *5-6 (N.D. Ill. Dec. 1, 2003) (Section 155, ICFA and fraud); *Dobner*, 2002 WL 1348910, at *3-4 (Section 155 and ICFA). Nothing in this case warrants deviating from this line of decisions. Rather, here, Plaintiffs' own pleading confirms that all the state law claims turn on an interpretation of the Benefits Plan, that is, whether the Plan covered the medical claim submitted by Plaintiffs. *E.g.*, Complaint, Count I ¶¶ 4, 6-7, Count III ¶¶ 1-3, 9, Count IV ¶¶ 1-3, 9. If the Benefits Plan did not cover the medical claim, then Defendants could not have fraudulently misrepresented the scope of coverage as alleged.

Plaintiffs also have not satisfied the second prong of *Davila*. As already shown, any duties owed and liabilities incurred by Defendants were in connection with—and not independent from—the Benefits Plan. Under these circumstances, there is no entirely independent legal duty under *Davila*. The Supreme Court in *Davila*, 542 U.S. at 213-14, found no "entirely independent" legal duty existed because "liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans." *See also Vanderwiel v. Schawk USA, Inc.*, No. 12-4178, 2012 WL 3779040, at *3 (N.D. Ill. Aug. 30, 2012) (reaching the same conclusion); *Maatman*, 2010 WL 415384, at *5 (same). The same is true here.

### 3. ERISA's Savings Clause Does Not Apply

Having found preemption, this Court must consider ERISA's savings clause. ERISA contains a savings clause that exempts from preemption a state law that "regulates insurance." ERISA § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A). However, the savings clause does not rescue Plaintiffs' state law claims.

The savings clause, which exempts from preemption a state law that "regulates insurance," ERISA § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A), applies when a state law (1) is specifically directed toward entities engaged in insurance; and (2) substantially affects the risk pooling arrangement between the insurer and insured. *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-42 (2003). The two Illinois statutes at issue here—Section 155 of the Insurance Code and the ICFA—do not "regulate[] insurance." *See, e.g.*, *Anderson v. Humana, Inc.*, 24 F.3d 889, 892 (7th Cir. 1994) (ICFA); *Jacobson*, 2015 WL 1563154, at *4-5 (Section 155); *Dwyer*, 2003 WL 22844234, at *4-6 (Section 155 and ICFA); *Dobner*, 2002 WL 1348910, at *3-5 (ICFA and Section 155).

These cases are persuasive. Section 155 does not affect the transfer or spread of a policyholder's risk. Rather, it regulates the procedural aspects of claims processing by providing certain remedies to sanction vexatious insurance practices. *Dwyer*, 2003 WL 22844234, at *5. Likewise, the ICFA does not regulate the methods of pooling risk. The provision of information about insurance, which the ICFA implicates, differs from the provision of insurance itself. *Anderson*, 24 F.3d at 892; *see also Dobner*, 2002 WL 1348910, at *4, 6.

9

Plaintiff responds by citing the Supreme Court's decision in *Miller*, but the Supreme Court found that ERISA's savings clause applied to the far different statutory scheme there. The State of Kentucky passed laws restricting an HMO's ability to limit the number of health care providers with access to their exclusive provider networks, which the Supreme Court found to be a restriction on the methods of pooling risk. 538 U.S. at 331-32, 338-39. This alters the scope of permissible bargains between insurers and insureds. *Id.* at 338-39. As Courts in this Circuit already have found, Section 155 and the ICFA do not regulate the methods of pooling risk in a like manner.

**B.    Class Action (Count II)**

Defendants argue that Plaintiffs cannot maintain a class action given their *pro se* status. [12] at 14-15. In support, Defendants cite *Wilson v. City of Harvey*, No. 03-11, 2003 WL 21418037, at *5 (N.D. Ill. June 18, 2003), where the Court explained that *pro se* plaintiffs lacked the legal competence to be adequate representatives of other plaintiffs. Likewise, in *Jagla v. LaSalle Bank*, No. 05-6460, 2006 WL 1005728, at *4 (N.D. Ill. April 12, 2006), the Court denied class certification to a *pro se* plaintiff based on its survey of cases from this Circuit.

*Wilson* and *Jagla* are persuasive, particularly in light of Plaintiffs' failure to address this issue altogether. *See* [23] at 1-3. Plaintiffs have not met the requirements to proceed on behalf of a class.

### C. Fraud Claims (Counts III and IV)

The fraud claims fail for the additional reason that they have not been pled with particularity as required by Rule 9(b). Rule 9(b) requires that plaintiffs who bring fraud claims, including under the ICFA, plead the "who, what, when, where, and how." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-39 (7th Cir. 2014); *Greenberger v. GEICO General Insurance Co.*, 631 F.3d 392, 399 & n.3 (7th Cir. 2011); *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 469-71 (7th Cir. 1999); *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994). In cases where there are multiple defendants or corporate defendants, as here, plaintiffs must also identify which defendant and which of their representatives made the fraudulent statements. *Ackerman*, 172 F.3d at 471; *Vicom*, 20 F.3d at 777-78. The purpose of the heightened pleading requirement is to force plaintiffs to do more than the usual investigation before filing suit. *Ackerman*, 172 F.3d at 469.

Here, Plaintiffs fall short of Rule 9(b)'s heightened pleading requirements. As this Court's factual recitation shows, Plaintiffs have not pled, among other things: (1) when fraudulent statements about the Benefit Plan were made; (2) which corporate defendant made those statements; (3) who at that corporate defendant made those statements; or (4) what was said. Plaintiffs do not even contest these deficiencies in their briefing. *See* [23] at 1-3.

The bare recitals here are even more sparse than the allegations in *Ackerman*, where the Seventh Circuit affirmed dismissal under Rule 9(b). The

11

plaintiffs in *Ackerman* brought fraud claims against an insurance company for representations its agents made when selling policies to the plaintiffs. 172 F.3d at 468-69. Yet, as here, the plaintiffs failed to: (1) give at least an approximate date on which the fraudulent representations were made; (2) plead with specificity the content of the false representations; and (3) identify which defendants said what to whom and when. *Id.* at 469-71. Dismissal of Plaintiff's fraud claims thus is warranted for this second reason.

### D.   Plaintiffs' Motion to Remand

Having found that Plaintiffs could have brought their claims under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), there is complete preemption here and federal jurisdiction is appropriate. *Rice*, 65 F.3d at 640-42; *see also Vanderwiel*, 2012 WL 3779040, at *2-3; *Maatman*, 2010 WL 415384, at *2, 6. Plaintiffs cannot avoid ERISA and federal jurisdiction through creative pleading. *Klassy*, 371 F.3d at 954-55, 957. Thus this Court denies Plaintiffs' motion to remand [23].

Nothing in the holdings of the two cases Plaintiffs cite from the Ninth Circuit changes this decision. [23] at 1 (citing *Lyons v. Alaska Teamsters Employer Service Corp.*, 188 F.3d 1170, 1171 (9th Cir. 1999); and *Shrivastava v. Fry's Electronics, Inc.*, No. 11-1833, 2012 WL 762146, at *2 (N.D. Cal. March 7, 2012)). Both cases are cited for the unremarkable propositions of law that ERISA does not preempt all claims and that state courts have concurrent jurisdiction to hear some claims brought under ERISA. Those statements of law do not alter the fact that jurisdiction in federal court is proper in this case.

12

## IV. Conclusion

Plaintiffs' motion to remand [23] is denied. Defendants' motion to dismiss [11] is granted. Counts I, III and IV are dismissed with prejudice. Count II (class action) is dismissed without prejudice. Although all the substantive counts in the Complaint have been dismissed, Plaintiffs need only plead facts and not legal theories. As explained by the Seventh Circuit in *McDonald*, 425 F.3d at 427-28, Plaintiffs thus can pursue an ERISA theory of liability without amending their complaint. Nonetheless, in light of this Order, this Court will give Plaintiffs leave to amend their Complaint, if they can do so consistent with their obligations under Rule 11.

The status hearing set for May 28, 2015 at 9:45 a.m. in Courtroom 1725 stands. This Court will set additional case management dates, including a deadline for Plaintiffs to file any Amended Complaint, at that time.

Dated: May 27, 2015

Entered:

_____
John Robert Blakey
United States District Judge

13